# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

ALLSTATE INSURANCE COMPANY, et al.,

                Plaintiffs,

v.

METRO PAIN SPECIALISTS PROFESSIONAL CORPORATION, et al.,

                Defendants.

CIVIL ACTION No.:

**1:21-cv-05586-DG-RER**

---

## DEFENDANTS' YAN MOSHE A/K/A YAN LEVIYEV, PREMIER ANESTHIASIA ASSOCIATES PA, AND NIZAR KIFAIEH, M.D.'S OBJECTION TO THE JUNE 2, 2022 REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

---

**BRACH EICHLER LLC**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
*Attorneys for Defendants Yan Moshe a/k/a Yan Leviev, Premier Anesthesia Associates PA, and Nizar Kifaieh, M.D.*

Of Counsel and on the Brief:
    Keith J. Roberts, Esq.

On the Brief:
    Shannon Carroll, Esq.
    Eric J. Boden, Esq.

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ........................................................................................................2

LEGAL ARGUMENT..............................................................................................................3

POINT I

      STANDARD OF REVIEW ............................................................................... 3

POINT II

      THE FINDING THAT ALLSTATE WILL SUFFER IRREPARABLE HARM
      WITHOUT AN INJUNCTION IS CONTRARY TO LAW ............................................. 4

POINT III

      THE RISK OF INCONSISTENT JUDGMENTS IS NOT IRREPARABLE HARM ....... 8

POINT IV

      THERE IS NO SERIOUS QUESTION GOING TO THE MERITS. ............................. 10

POINT V

      THE RECOMMENDATION IGNORED THE MASSIVE HARDSHIP DEFENDANTS
      WILL FACE IF AN INJUNCTION IS GRANTED........................................................ 12

POINT VI

      ANY RESTRAINT REQUIRES A BOND ..................................................................... 14

CONCLUSION.......................................................................................................................15

**Federal Cases**

*Allstate Insurance Co.*, *et al. v. Harvey Family Chiropractic, et al.*,
677 Fed. Appx. 716 (2d Cir. 2017)............................................................1, 5, 6, 7

*Allstate Insurance Company v. Elzanaty*,
2011 WL 3539562 (E.D.N.Y. Aug. 11, 2011)........................................................11

*Allstate Insurance Company v. Elzanaty, et al.*,
929 F.Supp. 2d 199 (2013) ...........................................................................8, 9, 11

*Anderson v. City of Besssemer*,
470 U.S. 564 (1985).................................................................................................3

*Bascom Food Products Corp. v. Reese Finer Foods, Inc.*,
715 F. Supp. 616 (D.N.J. 1989) ..............................................................................4

*Equal Employment Opportunity Commission v. First Wireless Group, Inc.*,
225 F.R.D. 404 (E.D.N.Y) .......................................................................................3

*GEICO v. Moshe*,
1:20-cv-10098 (E.D.N.Y) ...................................................................................7, 13

*GEICO v. Moshe*,
Case No. 20:2120 (2d Cir.) Dkt Nos. 12, 13-1 ...............................................13, 14

*GEICO v. Relief Medical, P.C.*,
554 F.Supp. 3d 482 (E.D.N.Y. 2021) ......................................................................8

*GEICO v. Strut*,
No. 19-CV-728 (JLS), 2020 WL 1820500 (W.D.N.Y. Apr. 10, 2020) ..................14

*GEICO. v. Wellmart RX, Inc.,et al.*,
435 F. Supp 3d 443 (E.D.N.Y. 2020) .................................................................7, 8

*GEICO v. Zaitsev, et al.*,
2021 WL 3173171 (E.D.N.Y July 27, 2021)................................................8, 10, 11

*Government Employees Insurance Company v. Cean*,
2019 WL 6253804 (E.D.N.Y. Nov. 22, 2019)........................................................11

*Government Employees Insurance Company v. Cean*,
Case No. 1:19-cv-02363 (E.D.N.Y.), Docket ........................................................11

BE:12624918.1/MOS106-281415

*Government Employees Insurance Company v. Relief Med., P.C.*,
    2021 WL 3565739 (E.D.N.Y. Aug. 12, 2021)........................................................................11

*Government Employees Insurance Company v. Relief Med., P.C.*,
    Case No. 1:20-cv-2165 (E.D.N.Y.), Docket ........................................................................11

*Government Employees Insurance Company v. Zaitsev*,
    Case No. 1:20-cv-03495 (E.D.N.Y.), Docket ......................................................................11

*Government Employees Insurance Company v. Zilberman*,
    2021 WL 1146086 (E.D.N.Y. Mar. 25, 2021) ....................................................................11

*Government Employees Insurance Company v. Zilberman*,
    Case No. 1:20-cv-00209 (E.D.N.Y.), Docket ......................................................................11

*Moore v. Consol. Edison Co. of N.Y., Inc.*,
    409 F.3d 506 (2d Cir. 2005)..................................................................................................3

*U.S. v. Snow*,
    462 F.3d 55 (2d Cir. 2006)....................................................................................................3

*Societe Comptoir De L'Industrie Cotonniere, Etablissements Boussac v.*
    *Alexander's Dep't Stores, Inc.*,
    190 F. Supp. 594 (S.D.N.Y. 1961) ........................................................................................4

*State Farm Mutual Automobile Insurance Company v. Parisien*,
    352 F.Supp.3d 215 (E.D.N.Y. 2018) ....................................................................................8

*Sussman v. Crawford*,
    488 F.3d 136 (2d Cir. 2007)..................................................................................................4

*T-Mobile Ne. LLC v. Water Auth. of W. Nassau Cty.*,
    249 F. Supp. 3d 680 (E.D.N.Y. 2017) ..................................................................................4

*U.S. v. United States Gypsum Co.*,
    333 U.S. 364 (1948)..............................................................................................................3

**Federal Statutes**

42 U.S.C. § 1395dd............................................................................................................13

Emergency Medical Treatment and Labor Act....................................................................13

RICO ................................................................................................................................5, 7

**State Statutes**

New York Insurance Law ......................................................................................................9

BE:12624918.1/MOS106-281415

**Other Authorities**

F.R.C.P. 65(c) .................................................................................................2, 14, 16

F.R.C.P. 72 ...............................................................................................................1, 3

F.R.C.P. 72(a) ..............................................................................................................3

BE:12624918.1/MOS106-281415

## PRELIMINARY STATEMENT

Defendants Yan Moshe a/k/a Yan Leviev ("Moshe"), Premier Anesthesia Associates PA, ("Premier") and Nizar Kifaieh, M.D. ("Dr. Kifaieh" and together with Moshe and Premier, "Defendants") respectfully submit their Objections, pursuant to Fed R. Civ. P. 72, to the Report and Recommendation dated June 2, 2022 (ECF No. 55) by the Magistrate Judge ("Recommendation"), which recommends granting plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate Fire & Casualty Insurance Company, and Allstate Property & Casualty Insurance Company's (collectively, "Allstate") motion for a preliminary injunction. The recommended injunction would (i) stay all No-Fault collection arbitrations Premier filed against Allstate and (ii) enjoin Premier from filing any further No-Fault legal collection actions against Allstate until Allstate's declaratory judgment claims are resolved in this Action. The Recommendation is not supported by the facts nor the law. It should be rejected for the reasons stated below.

*First,* the Recommendation's finding that Allstate would be irreparably harmed by the risk of inconsistent judgments is negated by on-point precedent from the Second Circuit. *See Allstate Insurance Co., et al. v. Harvey Family Chiropractic, et al.*, 677 Fed. Appx. 716 (2d Cir. 2017)("*Harvey*"). The Recommendation relies on cases that either failed to consider *Harvey* or ruled that inconsistent judgments could cause irreparable harm under *Harvey* just because *Harvey* does not explicitly say otherwise. A complete examination of the record in *Harvey*, however, reveals that the opinion indisputably ruled that the risk of inconsistent judgments is not irreparable harm. The cases cited in the Recommendation likely misunderstood the *Harvey* decision because they did not consider the full record of that appeal. Unlike those cases, Defendants cite to Allstate's Second Circuit brief, which shows that the *Harvey* decision squarely rebuffs the

argument that the risk of inconsistent judgments is irreparable harm. The Court should therefore reject the finding that Allstate will be irreparably harmed without an injunction.

*Second*, the Recommendation's finding of a serious question going to the merits is clearly erroneous. The Magistrate Judge reasoned that Allstate's "evidence is in line with what other courts in this district have found to show serious questions going to the merits of similar claims," and cited to several cases as examples. The complaint in each of those cases was supported by extrinsic evidence that gave weight to the allegations. Allstate's unverified allegations here are supported by nothing more than counsel's opinion and speculation, most of which are proven false by Defendants' three detailed declarations. Finding that Allstate's complaint raised a serious question going to the merits by comparing them to these cases is erroneous.

*Third*, the Recommendation is clearly erroneous because its balance of hardships analysis failed to consider extensive harm Defendants will face if an injunction is granted. If the requested stay is granted, claimants' policy limits will be exhausted and Defendants will lose their right to payment from Allstate due to the passage of time. Allstate knows this, and is using an injunction to strong-arm Defendants to settle or risk never being paid. This fact alone tips the balance of the hardships in Defendants' favor. That the Recommendation did not acknowledge this hardship renders it clearly erroneous. Moreover, this gross abuse of the Court's equitable powers should not be allowed. For these same reasons, the recommendation to waive F.R.C.P. 65(c)'s security requirement is also clearly erroneous.

Each of these issues alone mandates that Allstate's motion for a preliminary injunction be denied. Accordingly, the Court should not adopt the Recommendation.

## STATEMENT OF FACTS

The relevant facts are set forth at length in the Declaration of Moshe, Declaration of Olga Guzman ("Guzman") and Declaration Dr. Kifaieh as if fully set forth at length. These sworn

-2-

declarations and the attached exhibits directly refute the unverified allegations in the Complaint that Allstate relies upon to support this application.

## LEGAL ARGUMENT

### POINT I

### STANDARD OF REVIEW

**1. Objections to Magistrate Judge's Report and Recommendation**

Defendants file these Objections pursuant to Fed. R. Civ. P. 72. With respect to non-dispositive matters under Fed. R. Civ. P. 72(a), the District Court must modify or set aside any part of the order that is either (i) clearly erroneous or is (ii) contrary to law. A decision is clearly erroneous when the court is, "upon a review of the entire record, left with the definite and firm conviction that a mistake has been committed." *U.S. v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006); *see also U.S. v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Anderson v. City of Besssemer*, 470 U.S. 564, 573 (1985). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Equal Employment Opportunity Commission v. First Wireless Group, Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y)(quotation marks omitted). As set forth below, the Magistrate Judge's Report and Recommendation is both clearly erroneous and contrary to law. It should not be adopted.

**2. Preliminary Injunction**

To obtain a preliminary injunction, the moving party must satisfy the following elements: (1) irreparable harm absent the requested injunctive relief; and (2) either (a) likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and that the balance of hardships tips decidedly in favor of the moving party. *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005). The Second Circuit has repeatedly held that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the

movant, by a **clear showing**, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (internal quotations omitted) (emphasis in original).

Importantly, as "support for a preliminary injunction the court can consider only facts presented by affidavit or testimony and cannot consider facts provable under the modern liberal interpretation of the complaint but which have not been proved." *Societe Comptoir De L'Industrie Cotonniere, Etablissements Boussac v. Alexander's Dep't Stores, Inc.*, 190 F. Supp. 594, 601–02 (S.D.N.Y. 1961), aff'd, 299 F.2d 33 (2d Cir. 1962); *see T-Mobile Ne. LLC v. Water Auth. of W. Nassau Cty.*, 249 F. Supp. 3d 680, 684 (E.D.N.Y. 2017) (rejecting application where there was no evidence to support allegations); *accord Bascom Food Products Corp. v. Reese Finer Foods, Inc.*, 715 F. Supp. 616, 624 n.14 (D.N.J. 1989) ("It has always been the rule that the movant bears the burden of persuasion to establish that the situation meets the standard for a preliminary injunction, and must offer proof beyond the unverified allegations of the pleadings").

## POINT II

### THE FINDING THAT ALLSTATE WILL SUFFER IRREPARABLE HARM WITHOUT AN INJUNCTION IS CONTRARY TO LAW.

The Recommendation finds that Allstate faces irreparable harm absent an injunction because Allstate will "waste resources spent arbitrating disputes that may result in awards that are inconsistent with future judicial rulings," and that "Allstate faces unrecoverable expenses if it arbitrates those claims while this case is pending." *Recommendation* at 10-11. *Harvey*, however, renders this finding incorrect. The Recommendation deflected *Harvey* with cases holding that *Harvey* does not address whether the risk of inconsistent judgments is irreparable harm. *Recommendation* at 11. But none of these cases considered critical facts in the *Harvey* record. As established below, the briefing in *Harvey* definitely demonstrates that the Second Circuit found no irreparable harm from inconsistent judgments in a situation strikingly similar to this case. For the

reasons explained below, the finding that Allstate will be irreparably harmed without an injunction is contrary to law and should be rejected.

### 1. Allstate's Briefing in The *Harvey* Appeal Shows The Second Circuit Found no Irreparable Harm in the Risk of Inconsistent Judgments.

Like most summary orders, the *Harvey* decision is short and does not provide extensive details about the facts of the case or the reasons supporting the order. *See Allstate Insurance Co.*, *et al. v. Harvey Family Chiropractic, et al.*, 677 Fed. Appx. 716 (2d Cir. 2017). A review of Allstate's briefing in *Harvey*, however, reveals that the Second Circuit found that the risk of inconsistent judgments is not irreparable harm. *See* Case 16-1101, Dkt No. 44 (July 13, 2016).

#### i. The Allegations in *Harvey* Mirror This Case.

In *Harvey*, Allstate alleged that a chiropractor, Harvey, secured an acupuncturist and physical therapist to join his medical practice as owners in name only, allowing Harvey to bill for acupuncture and physical therapy services that he was prohibited from providing or billing for. *Id.* at 3. Allstate thus alleged that Harvey violated RICO 18 U.S.C. §§ 1961 *et seq.* because:

> (i) New York Law requires a practice that bills for acupuncture and physical therapy be owned by an acupuncturist and physical therapist;
>
> (ii) The acupuncturist and physical therapist at Harvey's practice were sham owners; the practice was solely run by Harvey; and
>
> (iii) The practice billed Allstate for acupuncturist and physical therapy in violation of New York law.

The facts of this case concerning Defendants are extraordinarily similar. The backbone of Allstate's complaint is that Dr. Kifaieh was "merely [a] figurehead[] and 'sham' owner[] of . . . Premier, allowing Moshe to control [Premier] and carry out an elaborate fraud." *Recommendation* at 5. Allstate further alleged that Premier was "not eligible to collect [No-Fault] payments due to [its] fraudulent ownership," as well as other practices that Allstate claims are fraudulent. *Id.* at 6. Therefore, *Harvey* and this case both involve the same factual and legal theory.

BE:12624918.1/MOS106-281415

ii.    **Allstate Claimed Irreparable Harm Due to Inconsistent Judgments in** *Harvey*.

In *Harvey,* Allstate **fully** relied on the argument that the risk of inconsistent judgments will cause them irreparable harm. *See* Case 16-1101, Dkt No. 44, pp. 39-46 (July 13, 2016). Specifically, Allstate argued:

- "any such actions [allowed to proceed] resulting in rulings with regard to [Defendant's] eligibility for reimbursement of No-Fault insurance payment that are inconsistent with this Court's ruling on the same issue would severely threaten any judgment of this Court." *Id.* at 40

- "with no stay in place, [Allstate is] required to litigate the related actions while the instant declaratory judgment action is pending, expending resources in litigating matters relating to insurance proceeds that Defendant-Appellees are not entitled to in the first place due to their fraudulent activity." *Id.* at 41

- Allowing actions to proceed before multiple judges "will undoubtedly result in a gallimaufry of independent and potentially contradictory decisions." *Id.* at 41

- Without a stay, Allstate "will be forced to make repetitious arguments in myriad . . . arbitrations, resulting in inconsistent decisions, which may ultimately be unenforceable." *Id.* at 41.

These are the same arguments Allstate raised for irreparable harm in this case. *See Recommendation* at 10.

iii.    **The Second Circuit Rejected Allstate's Argument That The Risk of Inconsistent Judgments is Irreparable Harm.**

The Second Circuit unequivocally rejected this argument. *Harvey Family Chiropractic, et al.*, 677 Fed. Appx. at 718. The *Harvey* court ruled "**there is no evidence in the record, upon the conclusion of this matter, [that Allstate] cannot be fully compensated through money damages for the alleged harm suffered from the defendant's fraudulent claims."** *Ibid (emphasis added).* The Second Circuit thus found that none of Allstate's arguments, *i.e.,* the risk of inconsistent judgments, created irreparable harm. *See* Case 16-1101, Dkt No. 44, pp. 39-46 (July 13, 2016). The *Harvey* court went further, ruling "even if the defendants obtain other No-

Fault reimbursements in state court and arbitrations while this case is pending, the plaintiffs are free to recover those payments should they prevail on their RICO claim." *Harvey Family Chiropractic, et al.*, 677 Fed. Appx. At 718. Considering the above, this obviously refers to judgments rendered during the pendency of the RICO action that are inconsistent with the outcome of the RICO action.

While *Harvey* may not explicitly state it, the record makes abundantly clear that the Second Circuit does not view the risk of inconsistent judgments as irreparable harm. The risk of inconsistent judgments was not one of many arguments that Allstate advanced but the Second Circuit inadvertently did not include in its decision. Rather, the risk of inconsistent judgments was Allstate's **only** argument for irreparable harm. And the Second Circuit could not have been clearer that nothing in the record, including Allstate's submission concerning inconsistent judgments, amounts to irreparable harm.

### iv. None of The Cases Cited in the Recommendation Considered Allstate's Briefing in *Harvey*.

The Recommendation cites several post-*Harvey* opinions ruling that the risk of inconsistent judgments could support an injunction. *See Recommendation* at 11. Most of these cases ruled that *Harvey* did not preclude granting an injunction to avoid inconsistent judgments because the *Harvey* decision did not explicitly address inconsistent judgments. *See* **(i)** *GEICO. v. Wellmart RX, Inc.,et al.*, 435 F. Supp 3d 443, 450-51 (E.D.N.Y. 2020)("[T]he Second Circuit [in Harvey] said nothing of the risk of inconsistent judgments.")[1]; **(ii)** *Gov't Emps. Ins. Co.*[2] *v. Moshe*, 2020 WL 3503176

---

[1] The Court in *Wellmart RX* also found the fact that "the record strongly suggests that Wellmart is rendering itself judgment-proof to frustrate any potential money judgment awarded to GEICO" was a "critical fact" in support of an injunction. *Id.* at 452.

[2] Gov't Emps. Ins. Co shall hereinafter be referred to as "GEICO."

BE:12624918.1/MOS106-281415

at *2 (E.D.N.Y June 29, 2020)(*citing Wellmart RX*); **(iii)** *GEICO v. Zaitsev, et al.*, 2021 WL 3173171, fn. 3 (E.D.N.Y July 27, 2021)(citing *Moshe & Wellmart RX*); and **(iv)** *GEICO v. Relief Medical, P.C.*, 554 F.Supp. 3d 482, 502 (E.D.N.Y. 2021) (*Harvey* "does not address the risk of inconsistent judgments."). The other opinions cited in the Recommendation did not reference *Harvey*. *See Allstate Insurance Company v. Elzanaty, et al.*, 929 F.Supp. 2d 199 (2013)("*Elzanaty*"); *State Farm Mutual Automobile Insurance Company v. Parisien*, 352 F.Supp.3d 215 (E.D.N.Y. 2018).

Critically, none of the four opinions cited above considered Allstate's briefing in *Harvey* when they found that *Harvey* did not address the risk of inconsistent judgments. The briefs opposing the insurer's request for a preliminary injunction did not cite to the briefs in *Harvey* or explain the exact arguments that the Second Circuit considered. *See* **(i)** *Wellmart RX, Inc.*, 1:19-CV-04414-KAM-RLM Dkt No. 68-15, at 13-14 (January 3, 2020) **(ii)** *Moshe* 1:20-cv-01098-FB-RER Dkt No. 37 at 18-19 (June 15, 2020); **(iii)** *Zaitsev*, 1:20-cv-03495(FB)(SJB) Dkt No. 113-2 at 18-20 (March 15, 2021); and **(iv)** *Relief Medical* 1:20-cv-02165-MKB-LB Dkt No. 35 at 22, 24 (November 2, 2020). These Courts were not given all of the materials needed to appreciate that the Second Circuit **indisputably** found that the risk of inconsistent judgments is not irreparable harm. The same cannot be said here.

## POINT III

### THE RISK OF INCONSISTENT JUDGMENTS IS NOT IRREPARABLE HARM

It is undisputable that *Harvey* rejected the argument that the risk of inconsistent judgments amounts to irreparable harm. And, as explained above, there is a reason why the opinions cited in the Recommendation did not comprehend the full weight to the *Harvey* ruling. But after analyzing the *Harvey* decision in conjunction with Allstate's briefing in the matter, there is no doubt that the

Second Circuit Court of Appeals rejects the argument that inconsistent judgments are irreparable harm. The Recommendation's finding that Allstate will suffer irreparable harm without an injunction is therefore contrary to law.

Further, *Elzanaty*, warns that an injunction should not be freely granted to mitigate the risk of inconsistent judgments in all situations. *Elzanaty*, 919 F. Supp. 23 199, 220. In that case, Judge Spatt granted the insurer's request for an injunction based on a unique procedural posture that is not at play here. *Id.* at 220. The *Elzanaty* defendants filed a counterclaim to the insurer's recovery action seeking payment of seventy-six (76) outstanding No-Fault claims. *Id.* at 205. The defendants withdrew their counterclaim and instead brought No-Fault arbitration proceedings that were in part based on these seventy-six (76) claims. *Id.* The insurer thereafter filed a motion to stay all No-Fault arbitration proceedings and the defendants moved to compel arbitration of the unpaid No-Fault claims. *Id.* at 205-206.

Judge Spatt granted the insurer's request to stay the arbitrations, ruling that the parallel proceedings, *i.e.*, the (i) motion to stay arbitrations & (ii) motion to compel arbitrations, presented actual risks of inconsistent rulings on the same issue. *Id.* at 220. Judge Spatt, however, warned that **"[i]t is no doubt unwise for a Court to simply step in and stay a contractually deserved arbitration merely because the Court sees a potentially more efficient use of time and resources by litigants, arbitrators and judges."** *Ibid*. Granting an injunction to promote efficiency, according to Judge Splatt, "is undeniably a slippery slope." *Ibid*. Judge Splatt nonetheless granted the injunction "under the complicated procedural facts of [*Elzanaty*]," reasoning that neither the New York Insurance Law nor the FAA intended to "permit the haphazard and contradictory concurrent flow of litigation and arbitration that appears in [*Elzanaty*].

The Recommendation relies on *Elzanaty*, yet does exactly what *Elzanaty* held was unwise. This is not a situation, like *Elzanaty*, where there is concurrent, contradictory litigation concerning the exact same subject (*e.g.,* a motion to stay arbitration and a motion to compel arbitration). Rather, the Recommendation's finding of irreparable harm is solely based on efficiency. Thus, the injunction should be denied even under the cases relied upon by Allstate and the Recommendation.

For all of the above reasons, the Recommendation is contrary to law and should not be adopted.

## POINT IV

### THERE IS NO SERIOUS QUESTION GOING TO THE MERITS.

The Recommendation concluded that Allstate has shown a clear question going to the merits because its evidence is in line with other cases in this district where the complaint was found to satisfy this standard. *Recommendation* at 13. But the complaints in each of these cases cited to substantial evidence that gave credibility to the plaintiff's allegations of fraud. Here, Allstate presents nothing. Defendants raised this in their briefing but the Recommendation failed to address or acknowledge it. Thus, the finding that there is a serious question going to the merits is clearly erroneous. The reasons why are further explained below.

The stark contrast between the cases cited by Allstate and this case is readily apparent. The supporting evidence cited in these complaints is as follows:

- In *Government Employees Insurance Company v. Zaitsev*, 2021 WL 3173171 (E.D.N.Y. Jul. 27, 2021), GEICO's complaint cited to an affirmation from a former employee of the defendant attesting to the key facts giving rise to the alleged referral scheme based on

personal knowledge.[3] *Id.* at *2. The complaint also submitted bills and treatment reports, which when compared, showed that the bills exaggerated the treatment provided. *Ibid.*

- In *Government Employees Insurance Company v. Cean*, 2019 WL 6253804 (E.D.N.Y. Nov. 22, 2019), the complaint cited to a criminal indictment and guilty plea of one of the co-conspirators for health care fraud. The complaint also included hundreds of pages of proofs showing potentially fraudulent billing, including specific examples where defendants billed for services not rendered.[4] Moreover, the defendants in <u>Cean</u> ***did not even oppose the motion to stay and enjoin collection arbitrations***. *Id.* at *1.

- In *Allstate Insurance Company v. Elzanaty*, 929 F. Supp. 2d 199 (E.D.N.Y. 2013), the complaint and motion record included a statement of charges, consent agreement and order filed by the New York State Board of Professional Conduct pleading no contest to (*i.e.* not opposing) various claims of fraudulent conduct and annulling multiple corporate entities engaged in the practice of medicine.[5] The complaint also contained the indictment against the "straw owner" of the medical practice and bank records identifying the individual who was in de facto control of its operations. <u>Id.</u>

- In *Government Employees Insurance Company v. Zilberman*, 2021 WL 1146086 (E.D.N.Y. Mar. 25, 2021), the motion record included deposition transcripts from the defendants and third parties in other cases describing the same unlawful referral scheme alleged in the complaint as well as copies of checks, bank statements and other records demonstrating payments to shell entities supporting the allegations.[6] <u>Id.</u> at *2.

- In *Government Employees Insurance Company v. Relief Med., P.C.*, 2021 WL 3565739 (E.D.N.Y. Aug. 12, 2021), the motion record included checks demonstrating an illegal kickback referral schedule by the defendants.[7] <u>Id.</u> at *10.

---

[3]    *See Government Employees Insurance Company v. Zaitsev*, Case No. 1:20-cv-03495 (E.D.N.Y.), Docket Entry #113.

[4]    *See Government Employees Insurance Company v. Cean*, Case No. 1:19-cv-02363 (E.D.N.Y.), Docket Entry #1 (complaint and exhibits).

[5]    *See Allstate Insurance Company v. Elzanaty*, 2011 WL 3539562 (E.D.N.Y. Aug. 11, 2011) (complaint and exhibits).

[6]    *See Government Employees Insurance Company v. Zilberman*, Case No. 1:20-cv-00209 (E.D.N.Y.), Docket Entry #24.

[7]    *See Government Employees Insurance Company v. Relief Med., P.C.*, Case No. 1:20-cv-2165 (E.D.N.Y.), Docket Entry #38.

The plaintiff in each of these cases submitted substantial evidence to bolster their fraud allegations. Allstate has not provided anything remotely close to this level of support for their claims against Defendants. Instead, Allstate (1) relies entirely upon an unverified pleading; (2) fails to provide any supporting documents or testimony; (3) fails to cite to any corroborating criminal indictments or guilty pleas; and in turn (4) presumes that it is entitled to the extreme remedy of a preliminary injunction simply because it filed this action in its preferred forum. Thus, it was clearly erroneous to find that the evidence in Allstate's Complaint was in line with the evidence in the above-cited cases. The recommendation that Allstate has shown a serious question going to the merits should therefore be rejected.

## POINT V

### THE RECOMMENDATION IGNORED THE MASSIVE HARDSHIP DEFENDANTS WILL FACE IF AN INJUNCTION IS GRANTED.

The Recommendation concludes that the Stay will, at worst, delay Defendants' recovery of No-Fault benefits from Allstate, whereas Plaintiffs will suffer considerable harm due to the risk of inconsistent judgments. *See Recommendation* at 14. However, Defendants will likely recover ***nothing*** from Allstate if the injunction is granted, even if Allstate's claims fail. (Guzman Decl. at ¶¶ 10, 13, 14). The Recommendation ignored that claimants' policy limits will likely exhaust during the pendency of this action, and Allstate will not be obligated to pay Defendants anything, regardless of the outcome of this case.

Most motorists in New York and New Jersey opt for the cheapest No-Fault Coverage. (Guzman Decl. at ¶¶ 10, 13). The maximum coverage for the cheapest policies is $15,000 in New Jersey and $50,000 in New York. (*Ibid.*) The longer it takes for a collection proceeding to resolve, the greater the chance that these relatively low policy limits are exhausted by subsequent medical care provided to the patient. (*Id.* at ¶ 14). Thus, the longer the period that No-Fault arbitrations

-12-

are stayed, the greater the likelihood that providers, like Premier, will be unable to collect any payment from Allstate because of policy limit exhaustion. (*Id.* at ¶ 14.)  The Recommendation did not acknowledge this very real harm in any way whatsoever.

Moreover, federal law forbids Premier from refusing treatment in many cases.  For example, Premier provides critical anesthesia services for Hudson Regional Hospital.  These medical services are subject to the Emergency Medical Treatment and Labor Act (EMTALA), which requires hospitals to provide certain emergency treatment to its patients regardless of their insurance status and ability to pay.  See 42 U.S.C. § 1395dd.  As a result, this preliminary injunction forces Premier to work for free, while Allstate denies claims and avoids the statutory arbitration process.  This causes an extreme imbalance.  Premier does not have the same money and resources as Allstate.  Not even close.  When Premier loses its statutory right to file no-fault arbitrations against Allstate – one of the largest auto insurers in the country – this causes a substantial loss in revenue that materially impacts their business.  *Kifaieh Decl. ¶¶ 36-41; Guzman Decl. ¶¶ 11-15.*

And Allstate knows this, which is precisely why it aggressively pursues this litigation strategy of moving to stay and enjoin at the outset of the case.  This entire procedural maneuver is aimed at forcing Premier to settle this case or risk never being paid by Allstate for the medical services that it has already provided to its insured.  The record in *GEICO v. Moshe*, 1:20-cv-10098 (E.D.N.Y) shows that insurers, like Allstate, shamelessly rely on this abuse of the Court's equitable powers to strong-arm settlements.  There, the court granted a motion to enjoin no-fault arbitrations based on a similarly sparse record.  Thereafter, the defendants filed an interlocutory appeal and immediately moved to expedite the proceedings. *See GEICO v. Moshe*, Case No. 20:2120 (2d Cir.)

Dkt Nos. 12, 13-1).  The Second Circuit granted the motion to expedite the appeal. *Id.* at Dkt No. 32.

The *Moshe* defendants' appellate brief relied on *Harvey* to make the same arguments raised by Defendants here. *Id.* at Dkt No. 68.  After briefing was complete, and on the day of oral argument, GEICO requested an adjournment to pursue a settlement.  *Id.* at Dkt. No. 141.  The Second Circuit denied the request, which forced a settlement that very day, before the Second Circuit could decide the appeal. *Id.* at Dkt. Nos. 144, 149.  The insurer chose to settle immediately to prevent the Second Circuit from stripping away their inequitable tool for wringing settlements out of providers, even where the insurer has no proof that the provider committed fraud.

For the reasons stated above, the fact that the Recommendation did not consider that, if the stay is granted, Defendants will likely never be able to recover anything from Allstate regardless of the outcome of this case renders it clearly erroneous.  This inequitable result should be allowed.

## POINT VI

### ANY RESTRAINT REQUIRES A BOND

Pursuant to Federal Rule of Civil Procedure 65(c), Allstate must post a security if the Court orders a preliminary injunction. The Recommendation found that the Court should waive this requirement because Defendants may readily collect damages from the Plaintiffs. *Recommendation* at 15.  However, this conclusion ignores that Allstate will not be required to pay the underlying claims if the claimants' policies are exhausted, and Defendants will not be able to collect anything from Allstate. *Dr. Kifaieh Decl.* 36-37; *Guzman Decl.* 11-14.  Accordingly, if an injunction is issued, a bond is needed to cover Premier's outstanding claims, totaling $314,000 plus interest, an amount that continues to grow. *See, e.g., GEICO v. Strut*, No. 19-CV-728 (JLS), 2020 WL 1820500, at *3 (W.D.N.Y. Apr. 10, 2020)(requiring GEICO to post a bond before issuing preliminary injunction staying no fault arbitrations.)

## CONCLUSION

As demonstrated above, there are at least three independent reasons why the Magistrate Judge's Recommendation should not be adopted. Allstate's motion for a preliminary injunction should therefore be denied. In the alternative, Allstate must post a security bond pursuant to F.R.C.P. 65(c).

**BRACH EICHLER L.L.C.**
*Attorneys for Defendants Yan Moshe a/k/a Yan Leviev, Premier Anesthesia Associates PA, and Nizar Kifaieh, M.D.*

By: _____
            KEITH J. ROBERTS

Dated: June 16, 2022

BE:12624918.1/MOS106-281415