

Shannon Carroll
Direct Dial: 973-403-3126
Direct Fax: 973-618-5988
E-mail: scarroll@bracheichler.com

June 17, 2022

**VIA ECF FILING ONLY**
Hon. Ramon E. Reyes, Jr., U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11021

      Re:    Allstate Ins. Co. v. Metro Pain Specialists Professional Corporation, et al.,
              Case No. 1:21-cv-05586-DG-RER

Dear Judge Reyes:

      Defendants Yan Moshe, Premier Anesthesia Associates, P.A., and Nizar Kifaieh, M.D. (collectively, "Defendants") write pursuant to Section III.C.3 of Your Honor's Individual Rules in opposition to Plaintiffs Allstate Insurance Company and its affiliates' ("Allstate") motion to compel discovery pursuant to F.R.C.P. 37(a)(1). Motions brought under this rule "must include a certification that the movant has in good faith conferred or attempted to confer" with the other party to resolve the discovery issues without court action. Tellingly, Allstate made no such certification. Allstate's failure to certify that it has made good faith efforts to resolve discovery issues is no inadvertent omission.

      Allstate has acted in bad faith from the beginning of the discovery process. Allstate served grossly overbroad discovery requests and then refused to participate in any meaningful discussion concerning the scope of their requests. ***In fact, Allstate still fails to articulate how its demands meet the standard for relevant discovery under F.R.C.P. 26(b)(1).*** Instead, Allstate rushed to the Court seeking an order compelling the Defendants to respond to all of their absurdly overbroad discovery requests in only five (5) days. Such egregious relief is not supported by the Court Rules or any sense of equity. It must be denied.

      **I.**    **<u>Allstate's Discovery Requests Flout the Federal Rules of Civil Procedure.</u>**

      The discovery requests Allstate served on the Defendants made no effort to comply with the Federal Rules of Civil Procedure governing discovery. By way of example, Allstate demands that Yan Moshe produce ***all*** communications and "agreements" with sixty-seven (67) specific

5 Penn Plaza, 23rd Floor
New York, New York 10001
212.896.3974

101 Eisenhower Parkway
Roseland, New Jersey 07068
973.228.5700

777 South Flagler Drive
Suite 800, West Tower
West Palm Beach, Florida 33401
561.899.0177

www.bracheichler.com

individuals and entities, regardless of the subject matter or relevance to this matter. *See* Allstate's **Exhibit A**, pp 19-21. Allstate further requested even more communications without regard to their topic, from at least three other unbounded groups of individuals. *See* Allstate's **Exhibit A**, pp 22. As highlighted in Defendants' Objections to Allstate's discovery requests (Allstate's Exhibit C), this theme of demanding broad categories of documents without any bounds whatsoever pervades nearly all of Allstate's requests. Such requests demand documents and information that are irrelevant to any claims or defenses in the matter and are not proportional to the needs of the case, as required by F.R.C.P. 26(b)(1). Defendants objections are necessary and appropriate.

Allstate also issued excessive interrogatories. F.R.C.P. 33(1) allows a party to serve "no more than 25 written interrogatories, *including all discrete subparts*," absent leave of court. Allstate's interrogatories far exceed this allowance when subparts are counted, as the rule requires. Specifically, Allstate's Interrogatories to each of the Defendants include at least the following number of requests: Yan Moshe: 33; Premier: 74; Dr. Kifaieh: 88. *See* Allstate's **Exhibit A**. Allstate's thus served far more interrogatories than allowed by F.R.C.P. 33(1).

## II.     Allstate Refuses to Confer in Good Faith About the Scope of Their Requests.

Allstate claims that it attempted to resolve the discovery issues in this case. Not so. Defendant's May 31, 2022 timely responses set forth clear objections to the scope of Allstate's overbroad requests and expressed a willingness to meet and confer to narrow the scope of these requests. *See* Allstate's Exhibit C. Yet, Allstate never reached out to confer about Defendants' objections to the discovery requests. Defendants, however, attempted to schedule such a meeting the day after serving their objections. On June 1, Defendants asked Allstate to provide counsel's "availability to confer over the scope of [Allstate's] discovery requests." *See* Allstate Exhibit E. Allstate rebuffed Defendants attempt to meet and confer over these discovery issues, arguing that "there is nothing to confer about on the scope of requests because the time for raising/discussing general objections has long passed." *See Id.* Allstate has thus blatantly failed to meet and confer in good faith over their improper discovery requests. Not only does this demonstrate Allstate's unwillingness to confer in good faith, this statement is also incorrect. Defendants submitted their objections on May 31, which is within two-week extension Allstate gave Defendants.

Moreover, Allstate is improperly treating the "meet and confer" requirement as a technical one – arguing that the parties conferred because they spoke about discovery on the telephone. *See Chow v. StenosaCare, LLC* 2020 WL 13076003 at *2 (E.D.N.Y. May 29, 2020). Much more is required. "Confer" means to "make a genuine effort to resolve the dispute by determining . . . (a) what the requesting party is actually seeking, (b) what the discovering party is reasonably capable of producing that is responsive to the request, and (c) what specific genuine issues, if any, cannot be resolved without judicial intervention." *Care Environmental Corp. v. M2 Technologies Inc.* 2006 WL 1517742 at *3 (E.D.N.Y. May 30, 2006). The two brief calls Allstate relies upon does not satisfy this definition.

On the first call, Defendants requested an additional thirty (30) days to respond to Allstate's 195 Interrogatory Requests and 210 Document Demands (counting subparts). Allstate, despite

issuing unduly voluminous requests, unreasonably refused the requested month-long extension but instead extended Defendants' deadlines approximately two-weeks. On the second call, Defendants requested additional time to respond to the requests and noted that meetings were scheduled with the clients to determine how to gather the requested information. Allstate refused to provide additional time to respond unless Defendants identified precisely which documents they would be producing. Defendants obviously could not respond to Allstate's request at that time because Defendants were in the process of determining which documents and information demanded in Allstate's sweeping requests even existed.

These calls do not satisfy the requirement to meet and confer in good faith. To the contrary, Allstate's refusal to engage in any meaningful discussions with Defendants or provide sufficient time to respond, especially in light of their exceedingly overbroad discovery requests, underscores Allstate's lack of good faith..

### III. Defendants Are Diligently Working to Respond to Allstate's Discovery Requests.

Defendants have made, and continue to make, considerable efforts to respond to Allstate's discovery requests. But accurate responses cannot be made as quickly as Allstate demands. As discussed above, Allstate's discovery requests are extraordinarily overbroad. It has also taken a substantial amount of time to determine (i) where the requested documents and information are located and (ii) the best person to locate and/or provide such documents and information. Even though Defendants maintain that Allstate's requests are improper under the Federal Rules of Civil Procedure, Defendants have held several meetings to figure out how to obtain the requested documents and information. Defendants have another meeting scheduled with additional individuals who are able to provide the discoverable documents and information requested by Allstate this week.

### IV. Conclusion

Allstate is not entitled to the requested relief. Allstate has not met and conferred with Defendants in good faith to resolve the discovery issues in this case. **As such, Defendants respectfully request that this Court require Allstate to participate in a meet and confer to try and narrow the demands in accordance with F.R.C.P. 26(b)(1) and provide a reasonable time to provide supplemental responses.**

For all of the foregoing reasons, Allstate's motion to compel discovery should be denied.

Respectfully submitted,

Shannon Carroll

SC:eb
cc: All Counsel of Record (via ECF)